UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEWIS ROSS, JR., <br> Plaintiff, <br> v. <br> FBI / NSA, <br> Defendants. | NO. CV 17-8627-JGB (AGR) <br><br> ORDER OF DISMISSAL |

On November 29, 2017, the plaintiff, proceeding *pro se*, filed a complaint against the Federal Bureau of Investigation and National Security Agency for implanting microchips and an "electronic brain link, remote neural monitoring, brain and satellite surveillance" causing him injury "from electronic attacks from directed energy weapons" and from the fact that his "thoughts are able to be read." (Compl. at 3, 7.)

A court may dismiss an action *sua sponte* for lack of jurisdiction without issuing a summons or following other procedural requirements. *Franklin v. Oregon*, 662 F.2d 1337, 1342 (9th Cir. 1981). "'[I]n the absence of diversity of citizenship, it is essential to jurisdiction that a substantial federal question should be presented.'" *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (citation omitted). Federal courts "are without power to entertain claims . . . if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' . . . 'wholly insubstantial,' . . . 'obviously frivolous,' . . .

'plainly unsubstantial,' . . . or 'no longer open to discussion.'" *Id.* at 536-37 (citations omitted).

The court lacks jurisdiction because Plaintiff's claims that the FBI and NSA have implanted microchips and an electronic brain link that allow his thoughts to be read are wholly insubstantial.[1] Plaintiffs' state law claims for negligence, emotional distress, invasion of privacy and "survival" do allege violation of any federally protected right. *Franklin*, 662 F.2d at 1343-44. Leave to amend would be futile.

Accordingly, IT IS ORDERED that this action is DISMISSED without prejudice for lack of jurisdiction. *O'Campo v. Ghoman*, 622 Fed. Appx. 609, 610 (9th Cir. 2015).

DATED: December 30, 2017

JESUS G. BERNAL
United States District Judge

---

[1] The Court previously denied his requests to file a substantially similar complaint *in forma pauperis* in Case Nos. CV 17-6665, 17-7608 and 17-7764.